Genger v Genger (2022 NY Slip Op 04940)

Genger v Genger

2022 NY Slip Op 04940

Decided on August 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 16, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 109749/09 Appeal No. 16095 Case No. 2020-01940 

[*1]Orly Genger in Her Individual Capacity and on Behalf of the Orly Genger 1993 Trust (Both in its Individual Capacity and on Behalf of D&K Limited Partnership), Plaintiff-Appellant,
v
Dalia Genger, Defendant-Respondent, Sagi Genger et al., Defendants.

Glenn Agre Bergman & Fuentes LLP, New York (Michael Paul Bowen of counsel), for appellant.
Greenberg Traurig, LLP, New York (Carmen Beauchamp Ciparick of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 4, 2019, which denied plaintiff's motion to reinstate her claim against defendant Dalia Genger, unanimously affirmed, with costs.
The motion to reinstate was brought by Ron Satija in his capacity as the Chapter 7 trustee of plaintiff's bankruptcy estate. This appeal is being pursued by the successor trustee.
By way of background, in 1993, Dalia and nonparty Arie Genger, then her husband, established a trust for each of their children: the Orly Genger 1993 Trust (the Orly Trust) and nonparty Sagi Genger 1993 Trust (the Sagi Trust). Plaintiff Orly is Dalia's daughter and Sagi's sister. The Orly Trust and Sagi Trust are the limited partners of nonparty D & K Limited Partnership. Each holds a 48% interest in the company. Dalia became the sole trustee of the Orly Trust in January 2008. She resigned in June 2019.
In 2010, Orly commenced this action asserting various claims against Sagi, D & K GP LLC, and TPR Investment Associates, Inc. The fourth cause of action sought damages from Dalia for fraud. In 2016, Orly was awarded summary judgment against Sagi, D & K GP, and TPR for, among other things, breach of fiduciary duty. After a six-day trial, a judicial hearing officer found that Orly had sustained no damages. This Court affirmed the award of summary judgment (see Genger v Genger, 147 AD3d 443 [1st Dept 2017]). In July 2019, Orly filed for bankruptcy. As noted, Satija became the initial trustee of the bankruptcy estate. In August 2019, the court directed the clerk to make the action as disposed, based on its prior March 2019 and June 2019 orders confirming the JHO's report as to damages.
In September 2019, Satija moved to reinstate the action against Dalia, arguing that "the court overlooked the fact that the fraud claim as to Dalia has not been decided on the merits or otherwise disposed." In opposition, Dalia argued that the court's prior determination that Orly was not entitled to damages disposed of the claim against her. Further, according to Dalia, the fraud claim "belong[ed] to the Orly Trust" and "not to Orly personally".
Supreme Court denied Satija's motion. It stated that since the damages assertedly arising from Dalia's alleged fraud were the same as those which had been adjudicated, the action was properly marked disposed.
As an initial matter, on this appeal from the October 4, 2019 order, the movant may not raise arguments concerning the August 9, 2019 order. Plaintiff previously appealed from that order, and we dismissed that appeal (see Genger v Genger, 2020 NY Slip Op 71345[U] [1st Dept 2020]).
To the extent the movant claims the October order was made in violation of due process, the argument is unavailing. Predecessor trustee Satija was afforded notice and an opportunity to be heard, as he made a motion and submitted a brief. Because Satija chose to move by order to show cause and sought an expedited return date for the very next day, he gave up the right to file a reply brief in response to Dalia's arguments.
In opposition to the motion, Dalia claimed that the cause of action belongs to the Orly Trust and not to Orly, personally, thereby contesting whether the claim could be pursued by the movant as part of the bankruptcy proceeding. The movant does not deny that the claim belongs to the trust, but argues that, since Orly was the sole beneficiary of the trust, she has the right to pursue trust assets for the benefit of Orly's creditors. In New York, the extent to which trust assets held for a bankruptcy debtor may be reached, if at all, for the benefit of creditors is subject to statutory restrictions and depends upon the terms of the particular trust (see CPLR 5205 [c]; In re Quackenbush, 339 BR 845, 848-851 [SD NY 2006]; In re Nudo, 147 BR 68, 71 [ND NY 1992]). Neither the trust instrument nor any order from a bankruptcy judge indicating that this claim is considered an asset of the bankruptcy estate has been provided. Indeed, movant asks this Court to defer to the bankruptcy court when and if it decides the issue in connection with a pending motion. On this record, there is no showing that the movant is entitled to pursue any fraud claim against Dalia in this action, thereby warranting denial of the motion to restore.
In any event, the court correctly denied the motion on the ground that it had already adjudicated that Orly suffered no damages from Dalia's fraud (see e.g. Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]). The court previously found that plaintiff had suffered no damages from the breach of fiduciary duty by Sagi, D & K GP, and TPR. Movant argues on appeal that the damages caused by Dalia's fraud differ from those caused by the other defendants' breach of fiduciary duty, because the former includes Sagi's dissipation of TPR's assets starting in 2004. However, the second amended verified complaint alleges identical damages against all defendants and does not allege damages for a general dissipation of assets. On the contrary, it provides that plaintiff "reserve[s] her right to bring a shareholder derivative action on behalf of [nonparty] D & K [Limited Partnership] related to Sagi's (and Dalia's) . . . dissipation of TPR's assets, but she has not yet done so."
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 16, 2022